**AT & T COMMUNICATIONS OF the MOUNTAIN STATES, INC., Plaintiff–Appellant,**

v.

**The CITY OF BOULDER, DEPARTMENT OF FINANCE, SALES TAX DIVISION, Cappie Fine as the Finance Director, and James Piper as the City Manager, Defendants–Appellees.**

**No. 87CA0051.**

Colorado Court of Appeals, Div. V.

Dec. 8, 1988.

Rehearing Denied Jan. 19, 1989.

Certiorari Denied July 3, 1989.

Holme, Roberts & Owen, Nancy J. Gegenheimer, Denver, James P. Kratochvill, J. Elaine Bialczak, Basking Ridge, N.J., for plaintiff-appellant.

Joseph N. de Raismes, City Atty., Carl M. Varady, Asst. City Atty., Boulder, for defendants-appellees.

PLANK, Judge.

In this C.R.C.P. 106(a)(4) proceeding, plaintiff, AT & T Communications of the Mountain States, Inc., (AT & T), appeals the district court's order affirming the denial of its sales tax refund claim. We affirm.

■ AT & T contends that the district court erred in determining that its purchase of access services from Mountain States Telegraph and Telephone Company (Mountain Bell) constituted the sale of tangible personal property rather than the sale of services. We disagree.

Under Boulder Revised Code 3–2–2(a), a sales tax is imposed on "the full purchase price paid or charged for tangible personal property and taxable services purchased or sold at retail...." Tangible personal property is defined as "corporeal personal property that may be seen, weighed, measured, felt, or touched...." Boulder Revised Code 3–1–1(u). "Purchase" or "sale" is defined as "the acquisition for any consideration by any person of tangible personal property or taxable services that are purchased, leased, sold, used, stored, distributed or consumed...." Boulder Revised Code 3–1–1(o). Use is defined as "the exercise, for any length of time, by any person within the city of any right, power, dominion, or control over tangible personal property...." Boulder Revised Code 3–1–1(y).

The hearing officer found, and the district court agreed, that the access charges paid by AT & T to Mountain Bell enabled AT & T to "use" Mountain Bell's transmission and switching equipment to transmit interchange calls to and from Boulder. The district court also affirmed the hearing officer's conclusion that, under the Boulder Revised Code, AT & T's payment was a purchase of "tangible property" and therefore taxable. In light of the plain language of the ordinances quoted above, we agree with the conclusions of the district court that the access charges paid by AT & T fall within Boulder's taxing provisions.

■ Plaintiff also contends that its purchase of access services is exempt from tax as a wholesale sale under the Boulder Revised Code. Again, we disagree.

We agree with the district court's findings that the "evidence before the assistant manager did not support a finding that AT & T is a 'wholesaler' or that its purchase of access services from Mountain Bell is a 'wholesale sale'. The equipment used by AT & T is used in AT & T's business of providing interexchange services to its customers and therefore the exemption for wholesale sales is inapplicable." *See Ross v. Fire & Police Pension Ass'n*, 713 P.2d 1304 (Colo.1986).

JUDGMENT AFFIRMED.

VAN CISE and FISCHBACH, JJ., concur.